**Donald MARTIN, Plaintiff,**

v.

**James B. CONLISK, Jr., Superintendent of Police, and Stanley Ryzanca, Director of Personnel, Individually and In Their Official Capacities, Defendants.**

**No. 72 C 330.**

United States District Court,
N. D. Illinois, E. D.

Aug. 23, 1972.

Elizabeth A. Buchanan, Woodlawn Neighborhood Legal Services, James O. Latturner, Chicago, Ill., for plaintiff.

· Richard L. Curry, Corp. Counsel, Michael S. Jordan, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

TONE, District Judge.

The plaintiff, Donald Martin, was a "special policeman" employed by the University of Chicago. Chapter 173 of

the Municipal Code of Chicago provides that a "special policeman" possesses the powers of the regular police at the places where he is so engaged. Chapter 173 also provides that no one may be employed as a "special policeman" by a private organization until he has been issued a certificate of appointment by the Superintendent of Police.

Plaintiff alleges that he was issued a certificate of appointment as a "special policeman" but that the certificate was revoked by defendants without notice or hearing eleven weeks after he was arrested and charged with unlawful possession of a weapon and failure to register and carry evidence of registration, whereupon he was discharged from his employment with the University of Chicago. Plaintiff further alleges that three weeks after the revocation of his certificate the criminal charges against him were dismissed. In revoking plaintiff's certificate, defendants acted under the authority of a provision of Chapter 173 of the Municipal Code which expressly provides that the certificate of a special policeman not employed by a common carrier may be revoked without cause. Plaintiff alleges that this provision, on its face and as applied by defendants in revoking his certificate without notice, specification of the charges, or hearing, deprived him of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. He also alleges that because the ordinance requires that the certificate of a "special policeman" employed by a common carrier may only be revoked for cause, but that the certificate of special policemen not so employed may be revoked without cause, the ordinance on its face violates the equal protection clause of the Fourteenth Amendment.

Plaintiff's action is brought pursuant to 42 U.S.C. § 1983 against defendants, the Superintendent of Police and the Director of Personnel of the Chicago Police Department, for deprivation under color of state law of rights secured to him by the Constitution of the United States. In Count I he seeks declaratory relief and an injunction enjoining defendants from refusing to reinstate his certificate of appointment as a special policeman, and in Count II he seeks money damages.

Defendants have moved for judgment on the pleadings. Plaintiff had moved for summary judgment as to Count I. Plaintiff and defendants have represented, at least as to Count I, that there is no genuine issue as to any material fact and both sides seek judgment as a matter of law.

■ I can find no rational basis for providing for revocation without cause of the certificate of a special policeman employed at a fixed place while requiring cause for the revocation of the certificate of a special policeman employed by a common carrier. This discrimination against special policemen in plaintiff's class violates the equal protection clause of the Fourteenth Amendment. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Hartford Steam Boiler Inspection & Ins. Co. v. Harrison, 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1937); Smith v. Cahoon, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264 (1931).

■ The ordinance also violates the due process clause of the Fourteenth Amendment. The concept that such a certificate in the nature of a license to engage in a vocation is a privilege that may be revoked at will has been eroded.* In Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) the Court held that revocation of a drivers license after an accident without a hearing as to the probability that a judg-

---

* Defendants seem to be under the impression that the constitutional right asserted is the right to bear arms. They argue that carrying a firearm is not a right but a privilege which the city may regulate in the exercise of its police power. Plaintiff is not complaining that a privilege to carry a weapon was revoked but rather that his certificate as a special policeman was revoked.

ment would be rendered against the licensee as a result of the accident violated due process. The Court stated:

"Once licensees are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." 402 U.S. at 539, 91 S.Ct. at 1589.

The license of a special policeman, issued pursuant to standards which he has satisfied as a prerequisite to obtaining his license, is a property right on which the city may not impinge without satisfying due process. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). As the Supreme Court stated in Schware v. Board of Bar Examiners, 353 U.S. 232, 238–239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) with respect to the practice of law:

"A State cannot exclude a person from the practice of law *or from any other occupation* in a manner or for reasons that contravene the Due Process or Equal Protection clause of the Fourteenth Amendment . . . . A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law . . . . Even in applying permissible standards, officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." (Emphasis added.)

And see In re Ming, (No. 71–1754 7th Cir. 1972). See also Goldberg v. Kelly,

397 U.S. 254, 262, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), holding that welfare benefits may not be terminated without giving the recipient a hearing on the grounds for termination.

The due process objection to the ordinance cannot be obviated by the fact that in this case the reason for the revocation was arrest on a weapons charge. Arrest without more would not constitute cause. Schware v. Board of Bar Examiners, *supra*, 353 U.S. 232, 241, 77 S.Ct. 752 (1957). Conviction or an administrative determination of guilt, after notice and hearing, would justify revocation.

It must be recognized that the fact that a special policeman is authorized to carry a gun creates a special problem for the city. There are undoubtedly circumstances under which the protection of society would require immediate suspension of the special policeman's right to carry a gun, if not his certificate as a special policeman.** When such a threat to the public safety exists, the notice and hearing that are prerequisites for a suspension (cf. In re Ming, (No. 71–1754 7th Cir. 1972)) will not be the same as for a permanent revocation, provided a prompt hearing is afforded on the issue of permanent revocation. And the hearing on permanent revocation need not be conducted in accordance with the procedural rules that would govern a criminal trial. But some form of notice and hearing would seem to be required by the due process clause, as interpreted by the cases referred to above.

Plaintiff is directed to submit a form of injunctive order. Count II of the complaint remains to be tried. Defendants' liability under that count will depend upon their "good faith" in acting pursuant to the ordinance. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

** It is to be noted that in the case at bar the plaintiff's license was not revoked until eleven weeks after his arrest.